952 F.2d 396
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roger Dale OLIVER, Petitioner-Appellant,
v.
James ROLLINS, Warden of Maryland Penitentiary; Attorney
General of the State of Maryland, Respondents-Appellees.
 No. 91-7573.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 5, 1991.
Decided Dec. 30, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. (CA-90-360-S), Frederic N. Smalkin, District Judge.
 Roger Dale Oliver, appellant pro se.
 John Joseph Curran, Jr., Attorney General, Baltimore, Md., for appellees.
 D.Md.
 DISMISSED.
 Before DONALD RUSSELL, MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Proceeding pro se, Roger Dale Oliver seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. § 2254 (1988). We dismiss the appeal for lack of standing, deny a certificate of probable cause to appeal, and deny Oliver's motion requesting a written statement from Joe Miller, a witness at Oliver's grand jury hearing.
 
 
 2
 Oliver pled guilty to second degree murder and was sentenced in Maryland circuit court to twenty-five years in prison. He filed unsuccessfully in state court for post-conviction relief. After the Maryland Court of Special Appeals denied his timely application for appeal, Oliver filed a federal habeas petition raising some issues for which he had exhausted his state remedies and other issues for which state remedies had not been exhausted. The magistrate judge dismissed the petition without prejudice for failure to exhaust state remedies.* Oliver responded with a motion to withdraw his unexhausted claims, then with a notice of appeal, then with a motion to dismiss his entire petition without prejudice. The district court granted the last motion.
 
 
 3
 Because the district court granted the motion to withdraw the petition without prejudice pursuant to Fed.R.Civ.P. 41(a)(1), Oliver does not have standing to appeal. See Unioil, Inc. v. E.F. Hutton & Co., 809 F.2d 548, 555-56 (9th Cir.1986) (a party generally cannot appeal a voluntary dismissal, because it is not an involuntary, adverse judgment against him), cert. denied, 484 U.S. 822 (1987) and 484 U.S. 823 (1987). Accordingly, we deny a certificate of probable cause and dismiss the appeal for lack of standing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 DISMISSED.
 
 
 
 *
 The parties in this case had consented to proceed before a magistrate judge pursuant to 28 U.S.C.A. § 636(c) (West Supp.1991). Although the magistrate judge correctly concluded that Oliver's petition (absent amendment) should be dismissed without prejudice for failure to exhaust state remedies, he never filed a separate judgment document as required by Fed.R.Civ.P. 58. Moreover, Oliver continued to file motions with the district court, suggesting that he did not view the magistrate judge's order as final. On these facts, the order did not terminate the district court's jurisdiction to act on the case. See generally Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978)